UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20 CR 567 HEA |
| ) | |
| RYAN RICHARDSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant Ryan Richardson is charged by indictment with one count of being felon in possession of a firearm; one count of possession with intent to distribute fentanyl, cocaine base and methamphetamine; and one count of possession of a firearm in furtherance of one or more drug trafficking crimes.  On December 17, 2020 Defendant appeared before the undersigned Magistrate Judge for a detention hearing [Doc. 7]. At the hearing, counsel for Richardson argued for his release and the Assistant United States Attorney argued for detention.  The Pretrial Services Report was filed on December 18, 2020 [Doc. 14].  I allowed counsel 24 hours after the filing of the bail report to provide supplemental information to the Court.  No supplemental pleadings were filed, and Richardson was ordered to be detained on December 28, 2020 [Doc. 22].  Before ordering that the defendant be detained, I considered arguments of counsel as well as the Pretrial Services Report.   In ordering detention, I found a rebuttable presumption arises under 18 U.S.C. § 3142(e)(3) and that Richardson had not introduced sufficient evidence to rebut the presumption.

Richardson has filed a Motion to Reconsider Bond [Doc. 34]. The United States of America ("the Government") filed a Response in opposition [Doc. 38]. In his motion, Defendant argues that he received a personal recognizance bond in St. Louis County for charges that pertain to the same incident as the federal case. He also states that he has family in the St. Louis area, and he contends that he is not a flight risk, nor is he a significant danger to the community.

Richardson's motion will be treated as a motion to reopen detention hearing pursuant to 18 U.S.C §3142(f), which provides that "the hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142.

Here, Richardson has not provided any new information that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of the community. The Report of Pretrial Services which I considered before Richardson was detained, indicated that Richardson is a lifelong resident of the St. Louis area and that he lived with his fiancée. The report also indicated that Richardson has six previous felony convictions. It also indicated that Richardson had been released from St. Louis County on bond for an incident related to the federal charges. After considering the Report of Pretrial Services, the arguments set forth at the original detention hearing, as well as the pleadings filed by both parties, there is no new information available that would have a material bearing on whether there are conditions of release that would assure Defendant's appearance as required and the safety of the community. Therefore, the detention hearing will not be reopened pursuant to

18 U.S.C §3142(f).  Richardson has still not introduced evidence to rebut the presumption of detention. In addition, there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community.

**IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider Bond [Doc. 34] is **DENIED.**

Dated this 27th  day of July, 2021.

   /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE